# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4174 | **DATE** | September 3, 2008 |
| **CASE TITLE** | Anthony Robinson (#19209-424) vs. Eric Wilson | | |

**DOCKET ENTRY TEXT:**

The emergency petitions for a writ of habeas corpus (document nos. 1 and 6) are denied. The case is terminated.

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

Anthony Robinson, a post-trial, pre-sentence federal prisoner, has filed two, *pro se* "emergency" petitions for a writ of habeas corpus purportedly pursuant to 28 U.S.C. § 2241. The petitioner challenges his convictions for conspiracy to sell, distribute or dispense a controlled substance. *See United States v. Robinson*, Case No. 06 CR 0850 (N.D. Ill.). The petitioner contends that he was illegally convicted because: (1) police evidently had a conflict of interest; and (2) trial counsel was ineffective. A jury found the petitioner guilty of the charges on April 25, 2008; however, Judge Darrah has not yet imposed a sentence.

The habeas petitions are dismissed for lack of jurisdiction. This court has no authority to review the propriety of criminal proceedings pending before another judge of this court. If the petitioner wishes to challenge his sentence and conviction, he must appeal to the U.S. Court of Appeals for the Seventh Circuit. *See* 28 U.S.C. § 1291. If he is unsatisfied with the Court of Appeals' decision, he may then file a petition for a writ of certiorari with the U.S. Supreme Court. The petitioner may also file a motion in his criminal case under 28 U.S.C. § 2255. However, the petitioner may not collaterally attack his sentence by filing a habeas action before another district judge.

For the foregoing reasons, the "emergency" petitions are denied and the case is terminated.

mjm